## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LEXINGTON LUMINANCE LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.  3:18-cv-1074-K** |
| | § | |
| **SERVICE LIGHTING AND** | § | |
| **ELECTRICAL SUPPLIES, INC. d.b.a.** | § | |
| **1000BULBS.COM** | § | |
| | § | |
| *Defendant.* | | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") hereby opposes the Motion to Dismiss (ECF No. 8) filed by Defendant Service Lighting and Electrical Supplies, Inc. doing business as 1000bulbs.com ("1000bulbs" or "Defendant"), and would respectfully show the Court as follows.

## I.      INTRODUCTION

Plaintiff's Complaint for Patent Infringement adequately states a cognizable legal theory, provides sufficient facts to satisfy the requirements set forth in the Federal Rules of Civil Procedure, and clearly apprises the Defendant of the claims being asserted against it. Plaintiff's Complaint states a plausible claim for relief, allows the Court to draw the reasonable inference that Defendant is liable for patent infringement, and places Defendant on notice of Plaintiff's claims.

Defendant's Motion to Dismiss provides a lengthy recitation of *Iqbal* and *Twombly*, but relies upon incorrect standards for pleading patent infringement claims. For these reasons, among others, Defendant's Motion to Dismiss should be denied.

## II.    LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the Plaintiff. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Patrick v. Wal–Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

The plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the misconduct alleged. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012). The plaintiff need not "prove its case at the pleading stage." *Id.*

Rule 8(a) mandates that the statement of the claim for relief be "short and plain." FED.R.CIV.P. 8(a)(2) ("A pleading that states a claim for relief *must* contain . . . (2) a *short and plain statement* of the claim …") (emphasis added).[1] Hence, a complaint does not need, and should not contain, "detailed factual allegations" to state a claim as long as it has "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  A motion to dismiss for failure to state a claim should only be

---

[1] In addition, Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Matter of United States Abatement Corp*., 39 F.3d 556, 559 (5th Cir. 1994).

Defendant makes much of the abrogation of Form 18, relying on various district court cases. Mot. (ECF No. 8-1) at 4-5. However, Defendant's reliance on any difference between *Iqbal/Twombly* and Form 18 is misplaced. The Federal Circuit has never recognized that any such difference exists. *See Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("The parties assume that there is a difference between the requirements of Form 18 and *Iqbal/Twombly*; however, we have never recognized such a distinction. In any event, we need not resolve the question whether there is a difference between the two standards here because, as we explain, the [complaint] met the *Iqbal/Twombly* standard.") Moreover, courts have found that *Twombly* did not raise the pleading standards that were in place when Form 18 existed. *See, e.g.*, *John Keeler & Co., Inc. v. Heron Point Seafood, Inc*., No. 1:14-cv-1652, 2017 WL 3705863, at *3 (N.D. Ohio 2017) ("Indeed, the Court in *Twombly* took pains to say that their decision was not meant to raise pleading standards.")

Factual allegations in support of a claim of direct patent infringement must have sufficient detail to "place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *OpenTV, Inc. v. Apple Inc*., No. 15 Civ. 02008, 2016 WL 344845, at *3 (N.D. Cal. Jan. 28, 2016) (quoting *Internet Patents Corp. v. Gen. Auto. Ins. Servs*., 29 F. Supp. 3d 1264, 1267 (N.D. Cal. 2013)); *see Regeneron Pharm., Inc. v. Merus B.V*., No. 14-cv-1650, 2014 WL 2795461, at *4 (S.D.N.Y. 2014) (alleging "a specific patent and a specific

product that allegedly infringes that patent by virtue of certain specific characteristics" was sufficient to state a direct infringement claim).

## III.    ANALYSIS

Defendant seeks a level of specificity that the Federal Rules of Civil Procedure do not require.   Defendant's Motion provides a recitation of *Iqbal* and *Twombly,* but relies upon incorrect standards for pleading patent infringement claims.   The standard articulated by *Twombly* "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongful conduct]." *Twombly*, 550 U.S. at 556.  To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend".  *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

Under the second prong of *Iqbal*, "[w]hen there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Iqbal*, 556 U.S. at 679.  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The additional specificity that Defendant desires would quite logically be included with detailed infringement contentions which, as required by the Local Rules, will provide additional information concerning how each limitation of the asserted claims are met by the accused products. Accordingly, at this preliminary stage of these proceedings, Plaintiff has sufficiently pleaded its claims, and Defendant's Motion to Dismiss should be denied.

### A.      Plaintiff's Complaint sufficiently pleads claims for direct patent infringement

Plaintiff's Complaint (ECF No. 1) provides sufficient notice of its claims to allow Defendant to answer and defend itself in this lawsuit.  Defendant posits that Plaintiff "largely parrots the claim language from claim 1 of the '851 patent without alleging any facts as to how the claim allegedly reads on the accused products".  Mot. at 2. However, Defendant's argument concedes that Plaintiff's Complaint addresses all elements of the exemplary claim.  In addition, Defendant alleges that Plaintiff does not "identify[] which components in the accused products allegedly meet that limitation.  *Id.*  Paradoxically, Defendant also concedes that Plaintiff alleges that it is "[t]he LEDs" (which *is* the component) that meet the claim limitation.  *Id.*  Indeed, Defendant also concedes that Plaintiff identified specific elements within the LEDs that meet specific claim limitations.  *Id.* (e.g., "[t]he LEDs used in the Accused Products use a gallium nitride first layer").  These are specific factual allegations explaining why the claim limitations are met.

Defendant appears to argue that Plaintiff is required to plead infringement details for each claim limitation with detailed specificity in its complaint.  In substance, Defendant is suggesting that a complaint for patent infringement should contain the level of specificity expected of infringement contentions.[2]  This is not the correct standard, and Defendant's arguments contravene recent Federal Circuit authority.

The Federal Circuit has expressly rejected placing an element-by-element type of heightened pleading standard on plaintiffs in patent infringement lawsuits.  The *Iqbal* and *Twombly* requirements were very recently considered and applied in *Disc Disease Solutions Inc.*

---

[2] N D. Tex. Misc. Order No. 62 at 5-6, ¶ 3-1 separately addresses the requirement for the disclosure of asserted claims and infringement contentions.  Denial of defendant's motion will allow the parties to quickly progress to the more detailed contentions required under the Local Patent Rules.

*v. VGH Solutions, Inc.*, No. 17-1483, 2018 WL 2011468 (Fed. Cir. May 1, 2018). The plaintiff in that case plausibly pled direct infringement by specifically identifying the infringing products and alleging those specific products included each element of the patented claims. *Id*. at \*3.   The *Disc Disease* complaint provided the defendants fair notice of the accused products—the plaintiff had named each of the three allegedly infringing products.   *Id*.   Similarly in the present case, Plaintiff identified the accused product.   Compl. ¶ 11.   In addition, Defendant has not alleged that Plaintiff neglected to include allegations referencing *each* element of the asserted patented claims.   *See generally* Mot.   While in *Disk Disease*, the plaintiff had additionally included photographs of the accused products, here, Defendant cannot credibly argue that the absence of photographs of the accused products impaired Defendant's understanding because the Complaint specifically identifies "Bulbrite LED T14 Tubular Bulb, model number 776511".   *See* Compl. ¶ 11.

Defendant also states that "[t]he Complaint does not specifically allege that the accused products infringe any other claim of the '851 patent besides claim 1".   Mot. at 2.   However, the pleading of only a single representative claim is sufficient at this stage.   Indeed, Defendant's Motion admits as much.   Defendant cites *Atlas IP* for the requirement that a patent plaintiff must "allege that every element or limitation of at least one claim is found in an accused product". Mot. at 4 *citing Atlas IP, LLC v. Exelon Corp*., 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co*., 686 F. App'x 921 (Fed. Cir. 2017).   Here, Plaintiff identified "at least one claim" (claim 1) of the asserted patent. Compl. ¶11.   In addition, Platintiff identified "an accused product".   *Id.* (identifying Bulbrite LED T14 Tubular Bulb, model number 776511).

In sum, Plaintiff has alleged that the accused product contains all elements of at least one claim of each of the asserted patents.  The level of specificity cited by Defendant is not required to state a claim.  *See Windy City Innovations, LLC v. Microsoft Corp*., No. 16-CV-01729-YGR, 2016 WL 3361858, at *5 (N.D. Cal. June 17, 2016) (citing *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc*., 203 F.3d 790, 794 (Fed. Cir. 2000)); *Bender v. LG Electronics U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010).

Thus, this Court should deny Defendant's motion with respect to the claim of direct infringement.

**B.     Plaintiff's Complaint sufficiently pleads claims for induced infringement**

Defendant conflates the requirements for proving induced infringement with the standards for pleading it.  *See* Mot. at 6-7.  In addition, Defendant bases its indirect infringement arguments on its direct infringement arguments, which Lexington has adequately addressed above.

Plaintiff also has pled facts sufficient to support an inference that a third party was induced by Defendant to infringe the asserted patents.  Plaintiff alleged that Defendant, through its continued sales of infringing products "intentionally induces or encourages the direct infringement of the '851 Patent by Defendant's customers, by intentionally directing them and encouraging them to use within the United States one or more devices that embody the patented invention or when Defendant's customers use the Accused Products in the ordinary, customary, and intended way."  *See* Compl. ¶23.  That is, Defendant's affirmative acts of selling the Accused Products induce its customers to use the Accused Products in their normal and customary way to infringe the '851 patent.

Plaintiff's allegation that Defendant is selling the Accused Products allows the Court to draw the reasonable inference that Defendant has sold at least one of the products to a customer who has used the product.   Accordingly, Plaintiff has sufficiently alleged instances of direct infringement by Defendant's customers.

Plaintiff provided a level of detail sufficient to survive a motion to dismiss.   Thus, this Court should deny Defendant's motion with respect to the claim of induced infringement.

### C.     Plaintiff's   Complaint   sufficiently   identifies   at   least   one   accused instrumentality

As explained above, Defendant cites *Atlas IP* for the requirement that a patent plaintiff must "allege that every element or limitation of *at least one claim* is found in *an accused product*".   Mot. at 4 *citing Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) (emphasis added).   Here, Platintiff identified "an accused product".   *Id.* (identifying Bulbrite LED T14 Tubular Bulb, model number 776511).

Under this Court's Order, Plaintiff's obligation to comply with N D. Tex. Misc. Order No. 62 at 5-6, ¶ 3-1 separately addresses the requirement for the disclosure of accused products, asserted claims, and infringement contentions.   The Complaint need not be as detailed as the preliminary infringement contentions will be.   *See Baker Hughes Oilfield Operations LLC v. Packers Plus Energy Servs. Inc.*, No. 4:17-cv-1422 at *9 (S.D. Tex. Mar. 6, 2018) citing *Lubrizol Specialty Prods., Inc. v. Flowchem LLC*, 165 F. Supp. 3d 534, 538 (S.D. Tex. 2016) (concluding that "it is not just and practicable to require pleadings in this patent case to contain the same level of specificity regarding direct infringement claims as are to be provided by the preliminary infringement contentions.").

## IV.    LEXINGTON SHOULD NOT BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT

In its Motion, Defendant alternatively moves for a more definite statement under Fed. R. Civ. P. 12(e).  However, this portion of Defendant's motion should also be denied for the reasons explained above, and for the additional reason that Defendant did not comply with the local rules for a Rule 12(e) motion.  N D. Tex. L.R. 7.1(h) requires a conference before filing a Motion for a More Definite Statement.  Defendant attempted no such conference.

## V.    IF THE COURT FINDS ADDITIONAL FACTUAL ALLEGATIONS NECESSARY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ITS COMPLAINT

Dismissal of a complaint is a disfavored remedy. *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981) (stating that Fed. R. Civ. P. 15(a) evinces "a bias in favor of granting leave to amend"); *Jebaco, Inc. v. Harrah's Operating Co., Inc*., 587 F.3d 314, 322 (5th Cir. 2009) (noting that "leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive"); *InternetAd Systems, LLC v. Opodo Ltd*., 481 F.Supp.2d 596, 603 (N.D. Tex. Jan. 22, 2007) ("there is a bias in favor of granting leave to amend and courts should permit the filing of a proposed amendment unless there is a substantial reason for denying leave to amend). If the Court finds that additional factual allegations are necessary, Plaintiff respectfully requests, in lieu of dismissal, that the Court grant Plaintiff leave to amend its Complaint.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

DATED: July 13, 2018                          Respectfully submitted,


                                             /s/*Robert D. Katz*
                                             Robert D. Katz
                                             Texas Bar No. 24057936
                                             KATZ PLLC
                                             6060 N. Central Expressway, Suite 560
                                             Dallas, TX 75206
                                             214-865-8000
                                             888-231-5775 (fax)
                                             rkatz@katzfirm.com

                                             **ATTORNEYS FOR PLAINTIFF
                                             LEXINGTON LUMINANCE LLC**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies

will be sent to those indicated as non-registered participants on the above date.


                                             /s/ *Robert D. Katz*
                                             Robert D. Katz