IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civ. Action No. 3:18-CV-01074-K |
| SERVICE LIGHTING AND | § | |
| ELECTRICAL SUPPLIES, INC. | § | |
| d/b/a 1000BULBS.COM, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Motion to Dismiss or, Alternatively, for More Definite Statement (the "Motion") (Doc. No. 8). After careful consideration of the arguments presented by the parties, the pleadings before the Court, and the credible evidence before the Court, the Court **DENIES** Defendant's request to dismiss this case. The Court **GRANTS** Defendant's request to require Plaintiff to provide a more definite statement.

Defendant argues that Plaintiff's complaint should be dismissed because the complaint fails to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendant argues that the complaint only sets forth conclusory statements that the accused devices practice the limitations of the patent claim asserted in this matter, that the complaint fails to

set forth plausible facts to support those conclusory statements, and that the complaint fails to clearly identify the accused devices.

Plaintiff responds that the complaint complies with the pleading requirements of *Twombly* and *Iqbal* as confirmed by the Federal Circuit's recent opinion in *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

Under the pleading standards of *Twombly* and *Iqbal*, a complaint must at least allege plausible facts that give rise to an entitlement for relief. *Iqbal*, 556 U.S. at 679. Threadbare recitals of the elements of a cause of action supported by conclusory statements are insufficient to meet this pleading standard. *Id.* at 578. Previously, direct patent infringement causes of action were safe from sufficiency of the pleading attacks if a plaintiff complied with the pleading example of Form 18 provided by the Supreme Court. *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Direct patent infringement causes of action no longer have this protection because Form 18 was abrogated by the Supreme Court, and these pleadings must now conform with the *Twombly* and *Iqbal* pleading standards. *Securus Techs., Inc. v. Glob. Tel*Link Corp.*, No. 31 Civil Action No. 3:16-CV-1338-K (N.D. Tex. Oct. 25, 2016) (Kinkeade, J.). Under certain circumstances, however, a pleading similar to that previously allowed by Form 18 may meet the pleading standards of *Twombly* and *Iqbal. Disc Disease Sols.*, 888 F.3d at 1259–60.

Plaintiff argues that under the holding of *Disc Disease Solutions*, the factual allegations pleaded in this case are sufficient to meet the pleading requirements of *Twombly* and *Iqbal*.

The Court disagrees. The Court notes that in *Disc Disease Solutions*, the Federal Circuit specifically pointed out that the case involved a simple technology, the complaint specifically accused three products, and photos of the product packaging were attached to the complaint as exhibits. *Id.* The holding in *Disc Disease Solutions* appears to be limited to similar circumstances, where considering the technology at issue, the complexity level of the asserted claims, and the nature of the accused devices, simple pleadings supported by photographs may be sufficient to meet the standards of *Twombly* and *Iqbal*. *See id.*

The present case is distinguishable from *Disc Disease Solutions* in this regard, and *Disc Disease Solutions* is not controlling. The patent in suit in this case, U.S. 6,936,851, is titled "Semiconductor Light Emitting Device and Method for Manufacturing the Same." '851 patent. The patent discloses a semiconductor light-emitting device having a particular structure and chemical composition. '851 Patent at Abstract; 2:12-55. The asserted claim, claim 1, is directed toward a light emitting device having particular physical and chemical properties including: a textured district comprising "a plurality of etched trenches having a sloped etching profile with a smooth rotation of microfacets without a prescribe angle of inclinations"; a layer that forms a "lattice-mismatched misfit system" with a substrate; a substrate that has at least one particular element or

3

compound; and lower portions of the layer "configured to guide extended lattice defects away from propagating into" an active layer. '851 Patent Reexam. Cert. at 1:25-44.

Considering the disclosure provided by the '851 patent and the limitations of the asserted claim, the technology at issue here is not a simple technology. Instead, the technology at issue is a complicated technology and the claims are directed to an LED light involving a particular structure and chemical composition. Because of this, a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so. Additional factual information, at least pleaded on information and belief, is required under the standards of *Twombly* and *Iqbal*. The Court notes that this factual information need not necessarily be as detailed as that disclosed in a plaintiff's infringement contentions. There must, however, be some factual support for a plausible inference that the accused devices practice the asserted claim.

Defendant also complains that the complaint is deficient in its identification of accused devices. The complaint specifically identifies the "Bulbrite LED T14 Tubular Bulb, model 776511" as an accused device. Complaint at ¶11 (Doc. No. 1). Defendant does not appear to take issue with this pleading. Defendant's issue is with the remainder of the accused devices which are described as "other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '851 Patent in substantially the same way to achieve the same result." *Id.*

4

Defendant asserts that this fails to reasonably inform the Defendant what devices are accused devices under this statement.

The Court agrees that this statement is unclear and ambiguous. The statement fails to reasonably inform Defendant as to what devices, if any, are accused by this statement. Plaintiff does, however, reasonably inform Defendant that the Bulbrite LED T14 Tubular Bulb is an accused device, which is sufficient to survive a challenge of the sufficiency of the pleadings.

Since the complaint fails to set forth factual allegations that meet the pleading requirements of *Twombly* and *Iqbal*, the Court finds the Plaintiff's complaint deficient. The Court, however, **DENIES** Defendant's request that the Court dismiss this matter because this issue is more properly resolved by allowing Plaintiff to replead. For these reasons, the Court **GRANTS** Defendant's alternative request for a more definite statement from the Plaintiff. All other relief requested in the Motion is **DENIED**.

Plaintiff is **ORDERED** to replead its complaint in compliance with this order and the pleading standards of *Twombly* and *Iqbal*. Plaintiff shall have 21 days from the date of this order to file an amended complaint.

**SO ORDERED.**

Signed October 9th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE